UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GRAIN DEALERS MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 19-CV-0572-CVE-JFJ |
| ADVANCED NEURO SOLUTIONS, LLC, H&H MEDICAL SERVICES, INC., KRIS PARCHURI, D.O., PLLC, SURGERY INC., SURGICAL DEVICE EXCHANGE, LLC, d/b/a SIERRA SURGICAL, DAVID A. TRAUB d/b/a HERITAGE MEDICAL CLINIC, HARTFORD INSURANCE COMPANY OF THE MIDWEST, JUDGE CONKLIN, DANIEL AIZENMAN, ATTORNEY AT LAW, PLLC d/b/a AIZENMAN LAW GROUP, and JEFF KRIGEL LAW FIRM, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court is the joint motion to dismiss filed by Daniel Aizenman, Attorney at Law, PLLC d/b/a Aizenman Law Group (Aizenman), Jeff Krigel Law Firm, and Judge Conklin (defendants). Dkt. # 26. Plaintiff has filed a response (Dkt. # 32), and defendants have filed a reply (Dkt. # 35). Defendants ask the Court to dismiss plaintiff's complaint, arguing that the Court lacks subject matter jurisdiction because plaintiff has allegedly not deposited the full amount of defendants' claim for uninsured/underinsured motorist coverage. Dkt. # 26, at 4. Plaintiff argues that it need deposit only the amount it agreed to pay as coverage. Dkt. # 32, at 6.

**I.**

Plaintiff Grain Dealers Mutual Insurance Company (GDMIC) alleges that, on August 12, 2016, Judge Conklin, an employee of Superior Air Services LLC (Superior), was involved in an accident with Torrey Powell during the course and scope of his employment, in which he suffered injuries. Dkt. # 2, at 3. After the accident, Superior's workers compensation carrier, Hartford Insurance Company of the Midwest, allegedly paid workers compensation benefits to Conklin. Id. In 2018, Aizenman allegedly gave notice to GDMIC that Powell's auto liability insurer was tendering its liability limits of $25,000 in settlement of Conklin's claim in a Rogers County lawsuit against Powell.[1]  Id. at 4. Conklin's personal uninsured/underinsured motorist carrier also allegedly paid $250,000 to Conklin. Id.

GDMIC, an Indiana corporation that maintains its principal place of business in Indiana, allegedly provides uninsured/underinsured motorist coverage to Superior. Id. at 2, 4. Conklin, a citizen of Oklahoma, qualified for this coverage because he occupied a covered vehicle at the time of the accident. Id. at 4. Conklin allegedly made a claim for uninsured/underinsured motorist benefits under GDMIC policy number B1T2752S (the Policy). Id. GDMIC investigated Conklin's claim and determined that it was reasonable and appropriate to pay Conklin $200,000 for his claim. Id. Defendants Aizenman and Krigel have filed attorney-liens in the Rogers County case against Powell, and will assert a claim against the interpleaded funds held in this Court. Id. at 5. The Policy limit is $1,000,000. Dkt. # 37, at 1.

---

[1] Defendants dispute that they have been paid the full $25,000. See Dkt. # 26, at 2. This is irrelevant to the issue before this Court.

Allegedly, GDMIC sought instructions on how to distribute the $200,000 to defendants, and was told to list all parties on one check. Id. at 2. However, it was unable to list all entities on one check, and received no additional instructions. Id. Thereafter, GDMIC filed this action and deposited the $200,000 interpleader funds with the Court, asking the Court to distribute the funds appropriately. Id. On November 12, 2019, the interpleaded funds were received by the Court. Dkt. # 13.

Defendants argue that the Court lacks subject matter jurisdiction because GDMIC has not deposited the full amount in dispute, which defendants argue is the Policy limit. Dkt. # 26, at 2. GDMIC argues that the Court has jurisdiction over this action, because it interpleaded the entire amount in dispute, which it argues is the $200,000 it agreed to pay. Dkt. # 32, at 1.

## II.

GDMIC's basis for subject matter jurisdiction is the statutory interpleader standard found in 28 U.S.C. § 1335. Dkt. # 2, at 3. Statutory interpleader requires that (1) the interpleaded amount has a value of $500 or more, (2) there must be two or more adverse claimants of diverse citizenship, and (3) the interpleader has deposited the amount due with the Court. General Atomic Co. v. Duke Power Co., 553 F.2d 53, 58 (10th Cir. 1977); see also In re Millennium Multiple Employer Welfare Ben. Plan, 772 F.3d 634, 639 (10th Cir. 2014) ("Thus, the key statutory requirements of interpleader jurisdiction are: (1) an identifiable stake, or res, valued at $500 or more; (2) against which adverse claims are brought.").

## III.

GDMIC has interpleaded $200,000 with the Court. Dkt. # 13. The interpleaded amount is greater than $500; therefore, the first jurisdictional requirement has been met. Second, there are two

or more adverse claimants that are diverse: plaintiff is incorporated in Indiana and maintains its principal place of business in Indiana; Conklin is a citizen of Oklahoma. See Dkt. # 2, at 1-2. Third, GDMIC has deposited the amount due with the Court. See Dkt. # 13. It allegedly received instructions on how to distribute the $200,000 that it determined to be payable and agreed to pay, and was provided instructions to submit one check to all defendants. Dkt. # 37, at 2. It was unable to list all entities on one check, so it interpleaded the $200,000 with the Court. Id. Additionally, GDMIC has represented that Conklin, Aizenman, and Krigel will file claims against the $200,000. Dkt. # 2, at 4-5. The Court thus finds, based upon the complaint, that $200,000 is the amount in dispute. To the extent that one or more defendants seek additional coverage, that issue is not before this Court; the only issue is how to distribute the funds that GDMIC has agreed to pay, the full amount of which has been deposited. The Court therefore finds that it has subject matter jurisdiction of plaintiff's interpleader action, and defendants' motion to dismiss should be denied.

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss (Dkt. # 26) is **denied**.

**DATED** this 10th day of January, 2020.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE